UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TENLEYTOWN EXXON, INC.,                    )
                                           )
              *Plaintiff*,                 )   CIVIL ACTION NO._____
                                           )   **JURY DEMANDED**
       *vs.*                               )
                                           )
ANACOSTIA REALTY, LLC,                     )
Serve:  Alphonse M. Alfano                 )
1707 L Street, N.W., Suite 560             )
Washington, DC  20036-4223                 )
              *Defendant*.                 )

## COMPLAINT

Plaintiff, Tenleytown Exxon, Inc., brings this civil action against Defendant Anacostia Realty, LLC seeking a temporary restraining order, preliminary and permanent injunctive relief, declaratory judgment relief, and damages.  Plaintiff alleges as follows:

### PARTIES

1.      Plaintiff is a District of Columbia corporation that operates an Exxon service station at 4244 Wisconsin Ave., NW, Washington, DC 20016.

2.      Defendant, Anacostia Realty, LLC, is, upon information and belief based on search of public records, a Delaware limited liability company with offices at 6820-B Commercial Drive, Springfield, VA  22151, doing business in the District of Columbia.

### JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this action because it concerns Defendant's failure to comply with the requirements of section 2802 of the Petroleum Marketing Practices Act, 5 U.S.C. § 2801 *et seq.* ("PMPA"), *see* 15 U.S.C. § 2805(a), 28 U.S.C. § 1331§ 1367(a), including, among others, the requirement of §2802(b)(3)(A) that where termination is based on an alleged failure of the franchisor and franchisee to agree to changes or additions to the

provisions of the franchise agreement the franchisor's decision to terminate must be "the result of determinations made by the franchisor in good faith and in the normal course of business. . . ."

4.    Venue is appropriate in this judicial district because: (a) Plaintiff is a franchisee under the PMPA and does business in this district; (b) all or a substantial part of the events giving rise to Plaintiff's claims occurred in this district; and (c) the property that is the subject of the lease at issue in this action is situated in this District.  *See* 15 U.S.C. § 2805(a) and 28 U.S.C. §1391(b).

## FACTS

***Termination is not the result of a determination made by franchisor in good faith and in the ordinary course of business***

5.    Defendant's termination was communicated by letters from attorney Alfonse Alfano dated March 27, 2019, attached as Exhibit A, and dated April 15, 2019, attached as Exhibit A-2. The parties entered into a Contract of Sale and Station Lease (Branded) in 2017 is attached as Exhibit B (hereinafter "Franchise").

6.    The aforesaid termination letters rely on allegations that are not true.  The letters say that Plaintiff failed to comply with the Franchise, by engaging in unlawful, dishonest, fraudulent and deceptive practices in its business operations and having been convicted of crimes. Plaintiff has not breached the Franchise and Plaintiff has not been convicted of a crime, in connection with its business operations, or otherwise.

7.    Plaintiff has expended substantial money into the property and its business operations at 4244 Wisconsin Ave., NW, Washington, DC 20016.

## COUNT I

## (PETROLEUM MARKETING PRACTICES ACT: DAMAGES)

8.    Each of the preceding paragraphs is incorporated herein by reference.

9.     The Franchise is a term that is defined in section 2801(1) of the Petroleum Marketing Practices Act ("PMPA"), 15 U.S.C. § 2801 *et seq.*

10.     Defendant Anacostia Realty, LLC, as Franchisor, has purported to terminate the Franchise Agreement with Plaintiff, including claiming a violation thereof as set forth in Exhibit B.

11.     Defendant did not terminate the Plaintiff's franchise in good faith reliance on any of the grounds described in section 2802 (b)(2) of the PMPA, 15 U.S.C. § 2802(b)(2).

12.     Because Defendant's decision to terminate the franchise relationship was not "the result of determinations made by the franchisor in good faith and in the normal course of business" the Defendant's termination notice failed to comply with the requirements of section 2802 of the PMPA, 15 U.S.C. § 2802.

13.     Plaintiff has suffered actual damages as a proximate result of Defendant's failure to comply with the requirements of section 2802 of the PMPA, 15 U.S.C. § 2802.

14.     Defendant's failure to comply with the requirements of section 2802 of the PMPA, 15 U.S.C. § 2802, was in willful disregard of the requirements of that section and the rights of Plaintiff.

WHEREFORE, Plaintiff demands the entry of judgment in its favor and against Defendant under the PMPA for actual damages, exemplary damages, reasonable attorney fees, interest, prejudgment and post-judgment interest and such other relief as the Court deems just.

## COUNT II
## (PETROLEUM MARKETING PRACTICES ACT: EQUITABLE RELIEF)

15.     Each of the preceding paragraphs is incorporated herein by reference.

16.     Under section 2805(b)(1) of the PMPA, 15 U.S.C. §2805(b)(1), a district court shall grant such equitable relief as the court determines is necessary to remedy the effects of any failure

3

to comply with the requirements of section 2802 of the PMPA, 15 U.S.C. § 2802, including declaratory judgment, mandatory or prohibitive injunctive relief, and interim equitable relief.

17.     Under section 2805(b)(2) of the PMPA, 15 U.S.C. §2805 (b)(2), a district court shall grant a preliminary injunction to remedy the effects of a failure to comply with the requirements of section 2802 of the PMPA, 15 U.S.C. § 2802, if : (A) the franchisee shows that the franchise of which it is a party has been terminated and there exist sufficiently serious questions going to the merits to make such questions a fair ground for litigation; and (B) the court determines that, on balance, the hardships imposed upon the franchisor by the issuance of such preliminary injunctive relief will be less than the hardship which would be imposed upon such franchisee if such preliminary injunctive relief were not granted.

18.     As set forth above, Defendant Anacostia Realty has purported to terminate the franchise arrangement between Plaintiff and Defendant and refused to sign the 2017 Lease and fuel supply agreement attached as Exhibit B, and in doing so, failed to comply with the requirements of section 2802 of the PMPA, 15 U.S.C. § 2802.

19.     There exist sufficiently serious questions going to the merits of whether Defendant failed to comply with the requirements of section 2802 of the PMPA, 15 U.S.C. § 2802, to make such questions a fair ground for litigation.

20.     If Plaintiff does not receive preliminary injunctive relief and its franchise agreement with Defendant is terminated, Plaintiff's business will be destroyed.

21.     By contrast, if preliminary relief is granted preventing the termination of the franchise agreement, Defendant Anacostia Realty will continue to receive the benefits of the franchise relationship, as Plaintiff will, by direction of the Court, continue to pay rent under either the currently operative franchise agreement (albeit without contract penalties that might be charged by Defendant in the absence of an Order by the Court).

22. Accordingly, preliminary injunctive and other equitable relief are appropriate to prevent the termination of the franchise agreement and remedy Defendant's failure to comply with the requirements of section 2802 of the PMPA, 15 U.S.C. § 2802.

WHEREFORE, Plaintiff demands the entry of judgment in its favor and against Defendant: granting a temporary restraining order and preliminary and permanent injunctions: (a) barring Defendant from terminating the current franchise agreement; (b) prohibiting Defendant from interfering with Plaintiff's operation and quiet enjoyment of the premises; (c) prohibiting Defendant from charging Plaintiff with any contractual penalties beyond payments ordinarily due and owing under the current franchise agreement; (c) requiring Defendant to supply fuel to Plaintiff in accordance with the current Franchise, without penalty or surcharge; awarding Plaintiff reasonable attorney fees; and granting such other relief as the Court deems just.

## COUNT III
## (PETROLEUM MARKETING PRACTICES ACT: DECLARATORY RELIEF)

23. Each of the preceding paragraphs is incorporated herein by reference.

24. Plaintiff's rights under the Franchise and under the PMPA are at issue as a result of the Defendant's claiming that it has terminated Plaintiff's Franchise in accordance with the PMPA.

25. The PMPA was enacted to protect petroleum franchisees from arbitrary or discrimination terminations and non-renewals.

26. There is an actual case or controversy arising under the PMPA, vis-à-vis the Plaintiff and Defendant as a result of the Defendant's wrongful attempt to terminate Plaintiff's Franchise as alleged more fully above.

27. Plaintiff is a franchisee whom Defendant claims is terminated, albeit according to Plaintiff, discriminatorily and without statutory required authority.

28.     The Plaintiff requests that this Court declare and adjudicate that Plaintiff's franchise rights, and, under the PMPA, determine that the Franchise is not terminated as the Defendant claims.

WHEREFORE, Plaintiff demands a declaratory relief in the form of a judgment in its favor against the Defendant, and a declaratory judgment order from Court finding that Plaintiff did not violate its Franchise or violate the PMPA; that the Defendant has attempted to wrongfully terminate the Franchise; that the Court declare all the rights and legal relations of the Plaintiff under the PMPA, that the Court declare that the alleged termination by Defendant of Plaintiff's Franchise not valid; the Plaintiff's Franchise remains in full force and effect; and, for such other and further declaratory relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Fed. Rule Civ. Pro 38, Plaintiff, Tenleytown Exxon, Inc., hereby demands trial by jury on all issues triable in its complaint.

Respectfully submitted,
TENLEYTOWN EXXON, INC.
By counsel

ALLRED, BACON, HALFHILL & YOUNG, P.C.

By:     _/s/ James T. Bacon_
        James T. Bacon, Esq. (D.C. Bar No. 416209)
        11350 Random Hills Road
        Suite 700
        Fairfax, VA  22030
        703-352-1300
        703-352-1301 (Fax)
        jbacon@abhylaw.com